UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
IN RE:

Virginia A. Sayegh a/k/a Virginia Tognetti,

                            Debtor.
-------------------------------------------------------------x

CASE NO.: 23-22166-cgm

CHAPTER 13

Hon. Cecelia G Morris

## MEMORANDUM OF LAW

The Movant is entitled to relief from the automatic stay as requested in the within motion.

1. The Movant has filed a motion for relief from the automatic stay as it pertains to property located at 28 Hillside Avenue, Yonkers, NY 10703.

2. Section 362(d) (1) and (2) provide, in pertinent part, as follows:

> (d) On request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
>    (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>    (2) with respect to a stay of an act against property under subsection (a) of this section, if-
>       (A) the debtor does not have any equity in such property;
>       (B) such property is not necessary to an effective reorganization; or

3. Section 362(d) is mandatory, not permissive. The Court shall grant relief from the stay for any of the reasons stated in the three subsections. In re Elmira Litho, Inc., 174 Bankr.892,900 (Bankr. S.D.N.Y. 1994); In re Touloumis, 170 Bankr. 825,827 (Bankr. S.D.N.Y. 1994); In re Kleinman, 156 Bankr. 131, 136 (Bankr. S.D.N.Y. 1993); In re Diplomat Electronics Corp., (82 Bankr 688, 692 (Bankr. S.D.N.Y 1988).

4. Further, if any of the grounds for relief from stay apply the Court must grant the relief from stay. In the case before the Court, relief from the automatic stay may be granted under Section 362(d)(1) since relief may be granted for cause. As evidenced by the

accompanying affidavit, debtor has breached her obligations under the terms of the note and mortgage and has failed to bring the account current.

5. Sub-section (1) of section 362 supports the Movant's motion for relief from the automatic stay, for cause, since payments have not been made to the Movant. See, In re Kornhauser, 184 Bankr. 425 428 (Bankr. S.D.N.Y. 1995); In re Kennedy, 79 Bankr. 950, 952 (Bankr. M.D.Ga. 1987); In re R&H Investment Co., Inc., Bankr. 114, 118 (Bankr. D. Conn. 1985).

In conclusion, Movant requests that its motion for relief from the automatic stay as it pertains to the premises known as 28 Hillside Avenue, Yonkers, NY 10703 be granted in its entirety.

**FRENKEL, LAMBERT, WEISS, WEISMAN & GORDON, LLP**

BY: /s/ Michelle C. Marans
Michelle C. Marans, Esq.
53 Gibson Street
Bay Shore, New York 11706
(631) 969 3100
Our File No.: 01-084797-B02