EXHIBIT

C

At an IAS Part of the Supreme Court
of the State of New York held in and
for the County of Westchester, at the
Westchester County Supreme Court,
111 Dr. Martin Luther King Jr. Blvd.,
White Plains, NY 10601Courthouse
thereof, on the ___**3ᵈ**___ day of
_____**January**_____, 202*13*.

PRESENT:

      HONORABLE Joan B. Lefkowitz, J.S.C.

-----------------------------------------------------------------X
Select Portfolio Servicing, Inc.,

                                Plaintiff,

            -against-

Virginia Sayegh; Charles A. Sayegh; Hann Auto Trust;
Arrow Financial Services LLC; Capital One Bank; Capital
One FSB; Midland Funding LLC; New York State
Department of Taxation and Finance; Untied States of
America- Internal Revenue Service; Sarah "Doe",,

                              Defendants.
-----------------------------------------------------------------X

**Index No.: 70241/2014**

**ORDER**

*Motion Sequence No. 5*

      **UPON** the reading and filing of the Summons and Complaint and Notice of Pendency filed

November 24, 2014, the Judgment of Foreclosure and sale entered in the Westchester County Clerk's

Office on November 20, 2018, and the affirmation of Robert Tremaroli, Esq., counsel for Plaintiff,

dated August 29; 2022, and no one appearing in opposition thereto, and after due deliberation having

been had on all the foregoing:

      NOW, on *the unopposed* motion of Frenkel, Lambert, Weiss, Weisman & Gordon, LLP, attorneys for

Plaintiff, it is hereby

      **ORDERED**, that the Referee be directed to conduct the foreclosure sale in accordance with

the Ninth Judicial District's auction rules in effect as of the date of the sale; and it is further

ORDERED, that the name and telephone number of the mortgage loan servicer is as follows:

Name: Select Portfolio Servicing, Inc.

Telephone Number: 1 (800) 258-8602

; and it is further

ORDERED, that all other provisions contained in the Judgment of Foreclosure and Sale

remain in full force and effect; and it is further *

New Auction Rules for the Ninth Judicial District annexed hereto.

Dated: White Plains, New York
January 3, 2023

ENTER:

Hon. Joan B. Lefkowitz, J.S.C.

Our File No.: 01-084797-F00

*ORDERED, that to ensure the filing of a "FORECLOSURE ACTION SURPLUS MONIES FORM", this matter is hereby scheduled for an appearance on:
May 12, 2023, at 9:15 a.m. in Courtroom 1600 of the Supreme Court, Westchester County, 111 Dr. Martin Luther King Jr. Boulevard, White Plains, New York 10601. In the event that the surplus monies form has been e-filed to the NYSCEF docket before such date, then appearances shall no longer be required.

J.S.C.

## NEW AUCTION RULES FOR THE NINTH JUDICIAL DISTRICT

## EFFECTIVE FEBRUARY 28, 2022

### GENERAL FORECLOSURES

1. The foreclosure rules currently in place will remain in effect. Please note the following rules with respect to auctions. These new auction rules shall be attached to all Judgments of Foreclosure and Sale issued by the court.

### NOTICE TO BIDDERS

2. Auctions will be conducted in the following locations:

   Dutchess County: Auctions will be held in the rear lobby of the Dutchess County Courthouse. Foreclosure paperwork may be completed in the rear lobby when the sale is completed.

   Orange County: Auctions will be held in the lobby area of Floor 2, Div. 3 of the Orange County Courthouse. Room 3212 is available if additional space is needed. Foreclosure paperwork may be completed in Conference Room 3209 when the sale is completed.

   Putnam County: Auctions will take place in the jury assembly room located in the Putnam County Courthouse. Foreclosure paperwork may be completed in the jury lounge room following the sale.

   Rockland County: Auctions will take place in the Rockland County Courthouse in the landing above the vestibule between Courtrooms One and Two. Once the sale concludes, the successful bidder and Referee may gather in Conference Room 206 on the second floor next to the Chief Clerk's Office to complete the foreclosure paperwork.

   Westchester County: Auctions will be held in the lobby area located on the first floor of the Courthouse. A courtroom will be made available if additional space is needed. Foreclosure paperwork may be completed in the same location following the sale.

3. There shall be a maximum of five auctions daily: three (3) in the morning and two (2) in the afternoon. The first shall commence at 9:30am, the second at 10:30am, the third at 11:30am, the fourth at 2:30pm and the fifth at 3:30pm. (The number of auctions per day and the time of day may differ by County).

1

4. It is the responsibility of the bidder to acquaint himself/herself with the property, any encumbrances thereon, and the Terms of the Sale before placing a bid and to be certain that adequate funds are available to make good the bid.

5. All bidders must have proof of identification and will be required to state their names and addresses on the record at the time the bid is made.

6. A successful bidder must have in his/her possession at the time of the bid the full 10% of the sum bid, in cash or certified bank check to be made payable to the Referee.

7. No auction will be deemed final until the full 10% deposit has been paid to the Referee and the Terms of Sale Documents have been signed, which must be done in the courthouse immediately following the auction.

8. After the auction is completed, the Referee and successful bidder, if needed, shall be allowed to use designated court space to complete the necessary paperwork.

9. If a successful bidder fails to immediately pay the deposit and sign the Terms of Sale documents, the property shall be returned to auction immediately.

**NOTICE TO REFEREES**

10. Auctions shall be scheduled by appointment only utilizing the following applicable email address:

Dutchess County: DutchessAuctions@NYCourts.gov

Orange County: OrangeAuctions@NYCourts.gov

Putnam County: PutnamAuctions@NYCourts.gov

Rockland County: RocklandAuctions@NYCourts.gov

Westchester County: WestchesterAuctions@NYCourts.gov

11. The Referee shall not schedule any foreclosure sale without prior approval from the Clerk's Office. All auction sales shall be scheduled through the clerk's office. The auction calendar shall be published on OCA/the Court's website. **The Clerk's Office shall be solely responsible for scheduling, and the Referee shall coordinate the date and time of the auction with the Clerk's Office. If the auction is canceled for whatever reason, the Referee shall promptly notify the Clerk's Office.**

12. The Referee and all interested parties must be present at the designated auction location indicated in the Order of the Court on the published date promptly at the

2

scheduled time. At the completion of the auction, the Referee shall direct all attendees at that auction to vacate the auction location promptly upon confirmation of the sale.

13. The Referee shall conspicuously post the Terms of Sale, including any known encumbrances, in a designated area of the auction location at least 30 minutes before the auction commences.

14. The Referee shall accept either (1) cash, or (2) certified bank check made payable to the Referee.

15. At the conclusion of the auction, the Referee shall notify the Clerk's Office of the outcome of the sale.

16. If the Referee conducting the auction or the Administrative Judge's Office determines that the auction cannot proceed safely in compliance with COVID-19 courthouse protocol, the Referee has the authority to cancel and reschedule the auction according to law.

## SURPLUS FUNDS

17. If there is a potential for Surplus Funds, the Referee shall notify the clerk who shall enter the following information into UCMS (Foreclosure Screen): the sales price, amount awarded in the final judgment of foreclosure, and upset price.

3

18. When the sales price exceeds the greater of the judgment amount or upset price, the clerk will provide the Referee conducting the sale a Surplus Money Form to be completed.

19. The form shall include the following information: a case caption, name, address and telephone number of the Referee, the plaintiff's representative and the purchaser, a judgment amount, and the upset and sale price. The form must be signed by the Referee, plaintiff's representative and purchaser of the foreclosed property.

20. The Referee will complete the form at the auction, and deliver the signed form to the court clerk, who will subsequently provide it to the County Clerk.

21. All cases with a potential for Surplus Funds will be calendared for a control date before the IAS Judge or his/her designee, no later than six months after the auction (this is a non-appearance part). On the control date, the Clerk will consult the County Clerk Minutes. If Surplus Funds have been deposited or the Report of Sale indicates a deficiency, the appearance will be appropriately marked. In the event that no Report of Sale has been filed, but there are motions pending, the Clerk will adjourn the case to a date beyond the motion return date in the IAS Part. If a Report of Sale has not been filed and no motions are pending, the case will be adjourned to the IAS Judge for further proceedings, as necessary, and the Referee shall be notified.

## ATTENTION COURT VISITORS

*Pursuant to Governor Cuomo's Executive Order 202.17, for the safety of all court users and court personnel, you must wear a mask or face covering while inside the courthouse. Persons without such a mask or face covering will not be permitted to enter.*

*Also, see www.nycourts.gov for more information.*

4

At Part _____ of the SUPREME
Court, held in the County of
W e s t c h e s t e r    a t    t h e
_____ Courthouse thereof, on
the __15__ day of _Novemba___,
20 _18_

PRESENT: _JOAN B. LEFKOWITZ_
JUSTICE OF THE SUPREME COURT

----------------------------------------------------------------X

Select Portfolio Servicing, Inc.,

                    Plaintiff(s),

        -v-

Virginia Sayegh; Charles A. Sayegh; Hann Auto Trust;
Arrow Financial Services LLC; Capital One Bank; Capital
One FSB; Midland Funding LLC; New York State
Department of Taxation and Finance; Untied States of
America- Internal Revenue Service; Sarah "Doe",

                    Defendant(s).

----------------------------------------------------------------X

INDEX NO.: 70241/2014

**ORDER CONFIRMING REFEREE
REPORT AND JUDGMENT OF
FORECLOSURE AND SALE**
MORTGAGED PROPERTY:
28 Hillside Avenue,
Yonkers, NY 10703
SBL #: 3 / 3069 / 76

**UPON** the Summons, Complaint and Notice of Pendency filed in this action on November

24, 2014, the second Notice of Pendency filed September 7, 2017, the amended Complaint filed

December 19, 2014, the Notice of Motion dated April 24, 2018, the affirmation by Robert Tremaroli,

Esq., the affidavit of merit by Leanna Johnstun, who is a Document Control Officer of Select

Portfolio Servicing, Inc., duly sworn to on December 5, 2014, affidavit of amount due by Mesepa

Aleki, who is a Document Control Officer of Select Portfolio Servicing, Inc., duly sworn to on

March 13, 2018, together with the exhibits annexed thereto, all in support of Plaintiff's motion for

a Judgment of Foreclosure and Sale; and

        **UPON** proof that each of the defendants herein has been duly served with the Summons and

Complaint in this action, and has voluntarily appeared either personally or by an attorney; and

1

Plaintiff having established to the court's satisfaction that a judgment against defendants is warranted;

UPON the affidavit of mailing reflecting compliance with CPLR 3215(g)(3)(l); and

UPON proof that non-appearing defendants Hann Auto Trust; Arrow Financial Services LLC; Capital One Bank; Capital One FSB; Midland Funding LLC; and Sarah "Doe", are not absent, in accordance with RPAPL §1321(2); and

A Referee having been appointed to compute the amount due to Plaintiff upon the bond/note and mortgage set forth in the Complaint and to examine whether the mortgaged property can be sold in parcels; and

UPON reading and filing the Report of Guy T. Parisi dated April 11, 2018, showing the sum of $421,792.87 due as of the date of said Report and that the mortgaged property may not be sold in parcels; and

UPON proof of due notice of this motion upon all parties entitled to receive same, and upon all the prior proceedings and papers filed herein;

NOW, on motion by, Robert Tremaroli, Esq., attorney for the Plaintiff, it is hereby

ORDERED, ADJUDGED AND DECREED that the motion is granted; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee's Report be, and the same is, hereby in all respects ratified and confirmed; and it is further

ORDERED, ADJUDGED AND DECREED, that the mortgaged property described in the Complaint and as hereafter described, or such part thereof as may be sufficient to discharge the mortgage debt, the expenses of the sale, and the costs of this action as provided by the RPAPL be sold, within 90 days from the date of this Judgment, in one parcel, at a public auction at the Westchester County Courthouse, 111 Dr. Martin Luther King Jr., Blvd., White Plains, New York, 10601, by and under the direction of Guy T. Parisi, Esq. 720 Milton Road, Suite J1.Rye, NY 10580,

914-921-5533 who is hereby appointed Referee for that purpose; that said Referee give public notice

of the time and place of sale in accordance with RPAPL §231 in _____

_The Journal News_____

; and it is further

ORDERED, ADJUDGED AND DECREED that by accepting this appointment the Referee

certifies that he/she is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part

36), including, but not limited to §36.2[c]) ("Disqualifications from Appointment"), and §36.2(d)

("Limitations on appointments based upon compensation"), and, if the Referee is disqualified from

receiving an appointment pursuant to the provisions of that Rule, the Referee shall immediately

notify the appointing Judge; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee is prohibited from accepting

or retaining any funds for him/herself or paying funds to him/herself without compliance with Part

36 of the Rules of the Chief Administrative Judge; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee shall conduct the foreclosure

sale only if Plaintiff, its successors and/or assignees, or its representative is present at the sale of the

Referee has received a written bid and Terms of Sale from Plaintiff, it successors, and/or assigns,

or its representative as if Plaintiff were physically present to submit said bid ; and it is further

ORDERED, ADJUDGED AND DECREED that if the Referee does not conduct the sale

within 90 days of the date of the judgment, in accordance with CPLR 2004, the time fixed by

RPAPL §1351(1) is extended for the Referee to conduct the sale as soon as reasonably practicable;

and it is further

ORDERED, ADJUDGED AND DECREED that at the time of the sale the Referee shall

accept a written bid from the Plaintiff or Plaintiff's attorney, just as though Plaintiff were physically

present to submit said bid; and it is further

3

**ORDERED, ADJUDGED AND DECREED** that the Referee shall accept the highest bid offered by a bidder who shall be identified upon the court record, and shall require that the successful bidder immediately execute Terms of Sale for the purchase of the property, and pay to the Referee, in cash or certified or bank check, ten percent (10%) of the sum bid, unless the successful bidder is Plaintiff in which case no deposit against the purchase price shall be required; and it is further

**ORDERED, ADJUDGED AND DECREED** that, in the event the first successful bidder fails to execute the Terms of Sale immediately following the bidding upon the subject property or fails to immediately pay the ten percent (10%) deposit as required, the property shall immediately and on the same day be reoffered at auction; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Referee shall then deposit the down payment and proceeds of sale, as necessary, in any local banking institution insured by the FDIC in his/her own name as Referee, in accordance with CPLR § 2609; and it is further

**ORDERED, ADJUDGED AND DECREED** that after the property is sold, the Referee shall execute a deed to the purchaser, in accordance with RPAPL § 1353 and the terms of sale, which shall be deemed a binding contract; and it is further

**ORDERED, ADJUDGED AND DECREED** that, in the event a party other than the Plaintiff becomes the purchaser at the sale, the closing of title shall be held no later than 30 days after the date of such sale unless otherwise stipulated by all parties to the sale; and it is further

**ORDERED, ADJUDGED AND DECREED** that, if Plaintiff (or its affiliate, as defined in paragraph (a) of subdivision 1 of section six-1 of the Banking Law) is the purchaser, such party shall place the property back on the market for sale or other occupancy: (a) within 180 days of the execution of the deed of sale, or (b) within 90 days of completion of construction, renovation, or rehabilitation of the property, provided that such construction, renovation or rehabilitation proceeded diligently to completion, whichever comes first, provided however, that a court of competent

4

jurisdiction may grant an extension for good cause; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Referee, on receiving the proceeds of such sale, shall forthwith pay therefrom, in accordance with their priority according to law, all taxes, assessments, sewer rents, or water rates, which are, or may become, liens on the property at the time of the sale, with such interest or penalties which may have lawfully accrued thereon to the date of payment; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Referee then deposit the balance of said proceeds of sale in his/her own name as Referee in any local banking institution insured by the FDIC, and shall thereafter make the following payments in accordance with RPAPL§1354, as follows:

**FIRST:** The Referee's statutory fees for conducting the sale, in accordance with CPLR 8003(b), not to exceed $500.00 unless the property sells for $50,000.00 or more OR in the event a sale was cancelled or postponed, Plaintiff shall compensate the Referee in the sum of $ _750.00_ for each adjournment or cancellation, unless the Referee caused the delay;

**SECOND:** All taxes, assessments, and water rates that are liens upon the property and monies necessary to redeem the property from any sales for unpaid taxes, assessments, or water rates that have not become absolute, and any other amounts due in accordance with RPAPL §1354(2). Purchaser shall be responsible for interest and penalties due on any real property taxes accruing after the sale. The Referee shall not be responsible for the payment of penalties or fees pursuant to this appointment. The Purchaser shall hold the Referee harmless from any such penalties or fees assessed;

**THIRD:** The expenses of the sale and the advertising expenses as shown on the bills presented and certified by said Referee to be correct, duplicate copies of which shall be annexed to

5

the report of sale;

      **FOURTH:** The Referee shall then pay to the Plaintiff or its attorney the following:

      Amount Due per Referee's Report: **$421,792.87** with interest at the note rate from

December 21, 2017 until the entry of judgment, together with any advances as provided for in the

note and mortgage which Plaintiff has made for taxes, insurance, principal, and interest, and any

other charges due to prior mortgages or to maintain the property pending consummation of this

foreclosure sale, not previously included in the computation, upon presentation of receipts for said

expenditures to the Referee, all together with interest thereon pursuant to the note and mortgage, and

then with interest from the date of entry of this judgment at the statutory rate until the date the deed

is transferred.

      Costs and Disbursements: $ 1,305.00 adjudged to the Plaintiff for costs and

disbursements in this action, as taxed or calculated by the Clerk and inserted herein, with interest

at the statutory judgment rate from the date of entry of this judgment;

      Additional Allowance: $ 300.00 is hereby awarded to Plaintiff in

addition to costs, with interest at the statutory judgment rate from the date of entry of this judgment,

pursuant to CPLR Article 83;

      Attorney Fees: $ 3,500.00 is hereby awarded to Plaintiff

as reasonable legal fees herein, with interest at the statutory rate from the date of entry of this

judgment;

      **FIFTH:** Surplus monies arising from the sale shall be ~~paid into court~~ deposited with The Westchester by the officer County

conducting the sale within five days after receipt in accordance with RPAPL §1354(4) and in Commission

accordance with local County rules regarding Surplus Monies; and it is further of Finance

      **ORDERED, ADJUDGED AND DECREED** that is the Plaintiff is the purchaser of the

property, or in the event that the rights of the purchasers at such sale and the terms of sale under this

6

judgment shall be assigned to and be acquired by the Plaintiff, and a valid assignment thereof is filed with said Referee, said Referee shall not require Plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to the Plaintiff or its assignee, a deed or deeds of the property sold upon the payment to said Referee of the amounts specified in items marked "First", "Second", and "Third" above; that the Referee shall allow the Plaintiff to pay the amounts specified in "Second" and "Third" above when it is recording the deed; that the balance of the bid, after deducting the amounts paid by the Plaintiff, shall be applied to the amount due Plaintiff as specified in paragraph "Fourth" above; that Plaintiff shall pay any surplus after applying the balance of the bid to the Referee, who shall deposit it in accordance with paragraph "Fifth" above; and it is further

**ORDERED, ADJUDGED AND DECREED** that all expenses of recording the Referee's deed, including real property transfer tax, which is not a lien upon the property at the time of sale, shall be paid by the purchaser, not by the Referee from sale proceeds, and that any transfer tax shall be paid in accordance with Tax Law §1404; and it is further

**ORDERED, ADJUDGED AND DECREED** that if the sale proceeds distributed in accordance with paragraphs "First", "Second", "Third", and "Fourth" above are insufficient to pay Plaintiff the Amount Due per the Referee's Report as set forth in paragraph "Fourth" above, Plaintiff may seek to recover a deficiency judgment against Virginia Sayegh in accordance with RPAPL §1371 if permitted by law; and it further

**ORDERED, ADJUDGED AND DECREED** that the mortgaged property is to be sold in one parcel in "as is" physical order and condition, subject to any condition that an inspection of the property would disclose; any facts that an accurate survey of the property would show; any covenants, restrictions, declarations, reservations, easements, right of way, and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged property is located and possible violations of same; any rights of tenants or person in

7

possession of the subject property; prior liens of record, if any, except those liens addressed in RPAPL §1354; any equity of redemption of the United States of America to redeem the property within 120 days from the date of sale; and any rights pursuant to CPLR 317, 2003, and 5015, or any appeal of the underlying action or additional litigation brought by any defendant or its successor or assignee contesting the validity of this foreclosure; the Terms of Sale and purchaser assumes all risk of loss or damage to the premises from the date of the foreclosure sale until the date of closing and thereafter; and it is further

**ORDERED, ADJUDGED AND DECREED** that the purchaser be let into possession of the property upon production in hand of the Referee's Deed or upon personal service of the Referee's deed in accordance with CPLR 308; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Defendants in this action and all persons claiming through them and any person obtaining interest in the property after the filing of the Notice of Pendency are barred and foreclosed of all right, claim, lien, title, and interest in the property after the sale of the mortgaged property; and it is further

**ORDERED, ADJUDGED AND DECREED** that within 30 days after completing the sale and executing the proper conveyance to the purchaser, unless the time is extended by the court, the officer making the sale shall file with the clerk a report under oath of the disposition of the proceeds of the sale in accordance with RPAPL §1355(1) and follow all local County rules regarding the handling of Surplus Monies; and it is further

**ORDERED, ADJUDGED AND DECREED** that if the purchaser or purchasers at said sale default(s) upon the bid and/or terms of sale the Referee may place the property for resale without prior application to the Court unless Plaintiff's attorneys shall elect to make such application; and it is further

**ORDERED, ADJUDGED AND DECREED** that Plaintiff shall serve a copy of this

8

Judgment with Notice of Entry upon the owner of the equity of redemption, any tenants named in this action, and any other parties or persons entitled to service, including the Referee appointed herein; and it is further

ORDERED, ADJUDGED AND DECREED that nothing herein shall be deemed to relieve Plaintiff of any obligation imposed by RPAPL §1307 and RPAPL §1308 to secure and maintain the property until such time as ownership of the property has been transferred and the deed duly recorded; and it is further

ORDERED, ADJUDGED AND DECREED that, when the Referee files a report of sale, he or she shall concurrently file a Foreclosure Actions Surplus Monies Form; and it is further

ORDERED, ADJUDGED AND DECREED that to ensure compliance herewith, Plaintiff shall file a written report with the court within 6 months from the date of entry of this judgment stating whether the sale has occurred and the outcome thereof

Said property is commonly known as 28 Hillside Avenue, Yonkers, NY 10703.

The legal description of the mortgaged property referred to herein is annexed hereto as Schedule A.

DATED: _November 15 2018_

ENTER:

HON JOAN B. LEFKOWITZ
J.S.C.

_November 20, 2018_

Our File No.: 01-084797-F00

9

INDEX NO. 70241/2014
NYSCEF DOC. NO. 97                                                  RECEIVED NYSCEF: 09/07/2017

ALL that certain, plot, piece or parcel of land, situate, lying and being in the City of Yonkers, County of Westchester, and State of New York, known and designated as all of Lot 27 and a portion of Lots 26 and 28 all in Block No. 31, as shown on a certain map entitled, "Revised Map of land in the City of Yonkers, known as Yonkers Heights, Westchester County, New York" dated December 1896, made by Wm. Henry Baldwin, C. E. and filed in the Office of the Register of the County of Westchester, now the Office of the Clerk of the County of Westchester, Division of Land Records, on January 6, 1897, as Map No. 1297,. and more particularly bounded and described as follows;

BEGINNING at a point on the southeasterly side of Hillside Avenue distant southwesterly 638 feet from the corner formed by the intersection of the southeasterly side of Hillside Avenue and the southwesterly side of Quebec Place;

RUNNING THENCE through Lot 26 in Block 31 on the above map, South 51 degrees 23' 6" East 80.00 feet to the dividing line between Lots 24 and 26 in Block 31 on the above map;

RUNNING THENCE along said dividing line and the dividing line between Lots 27 and 33 and Lots 28 and 32 all in Block 31 on the above map, South 38 degrees 36' 54" West 63.00 feet to a point;

RUNNING THENCE through Lot 28 in Block 31 on the above map North 51 degrees 23' 06" West 80.00 feet to the southeasterly side of Hillside Avenue;

RUNNING THENCE along said Hillside Avenue North 38 degrees 36' 54" East 63.00 feet to the point or place of BEGINNING

3 of 4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-----------------------------------------------------------------------X   INDEX NO.:70241/2014
Select Portfolio Servicing, Inc.,

                                        Plaintiff(s),        **COSTS OF PLAINTIFF**

                                                             MORTGAGED PROPERTY:
                                                             28 Hillside Avenue,
                                                             Yonkers, NY 10703
                    -v-                                       COUNTY: WESTCHESTER
                                                             SBL #: 3  /  3069  /  76

Virginia Sayegh; Charles A. Sayegh; Hann Auto Trust;
Arrow Financial Services LLC; Capital One Bank; Capital
One FSB; Midland Funding LLC; New York State
Department of Taxation and Finance; Untied States of
America- Internal Revenue Service;  Sarah "Doe",

                                        Defendant(s).
-----------------------------------------------------------------------X

## COSTS

Costs before Note of Issue
    CPLR Sec. 8201 (1).............................................................................$ 200.00
Allowance by statute
    CPLR Sec. 8302 (a) (b)....................................................................$ 150.00

    First at $200.00 at 10%
        (not exceeding $200.00)........................   $ 20.00

    Next $800.00 at 5%
        (not exceeding $800.00)......................   $ 40.00

    Next $2,000.00 at 2%
        (not exceeding $2,000.00).................   $ 40.00

    Next $5,000.00 at 1%
        (not exceeding $5,000.00)..................   $50.00

Additional allowance
    CPLR Sec. 8302 (d).........................................................................$  50.00

Discretionary costs on motion
    CPLR Sec. 8303 (a) (1)....................................................................$ 00.00

                                                  COSTS      $ 400.00

## FEES AND DISBURSEMENTS

Fee for index number CPLR Sec. 8018(a)..........................................................$400.00
Referee's fee to compute per order of the court- CPLR Sec.
8301(a)1,8003(a)................................................................................. $250.00
Paid for searches CPLR Sec. 8301(a)10.........................................................$
Serving copy Summons & Complaint CPLR Sec. 8301(d)............................$
Reproduction costs- CPLR Sec. 8301(a)6.........................................................
Fees for publication of Summons CPLR Sec. 8301(a)3..................................
Certified copies of papers CPLR Sec. 8301(a)4............................................
Request for Judicial Intervention-CPLR 8020(a)..........................................$ 95.00
Clerk's fee, filing of Notice of Pendency- CPLR Sec.8021(a)10....................$ 70.00
Skip Trace fees-CPLR Sec. 8301(d).................................................................$ 0.00
Motion fees- CPLR Sec. 8020 (a)....................................................................$ 90.00
Note of issue CPLR Sec. 8020(a)...................................................................

TOTAL.........................................................     **$1,305.00**

## ATTORNEY'S AFFIRMATION

The undersigned, Robert Tremaroli, Esq, pursuant to CPLR 2106 and under penalties of perjury affirms as follows:

That he is the attorney of record for Plaintiff in the above-captioned action, that the foregoing disbursements have been incurred in this action and are reasonable in amount, and that the copies of documents or papers charged for herein were actually and necessarily obtained.

**DATED: April 24, 2018**
Suffolk County, New York

Robert Tremaroli, Esq.
Frenkel, Lambert, Weiss, Weisman &
Gordon, LLP
Attorneys for Plaintiff
Select Portfolio Servicing, Inc.
Main Office: 53 Gibson Street, Bay Shore,
NY 11706
(631) 969-3100

Index # 70241/2014

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

Select Portfolio Servicing, Inc.,

                                        Plaintiff,

                - against -

Virginia Sayegh; Charles A. Sayegh; Hann Auto Trust; Arrow Financial Services LLC; Capital
One Bank; Capital One FSB; Midland Funding LLC; New York State Department of Taxation
and Finance; Untied States of America- Internal Revenue Service;  Sarah "Doe",,

                                        Defendants.

## COSTS OF PLAINTIFF

Frenkel, Lambert, Weiss, Weisman & Gordon, LLP
Attorneys for Plaintiff
53 Gibson Street
Bay Shore, New York 11706
(631) 969-3100
Fax (631) 982-4512
Our File No.: 01-084797-F00

To

Attorney(s) for


Service of a copy of the within

                                        is hereby admitted.

Dated,

                    ―――――――

Attorney(s) for